Jerry BLOOM, Plaintiff,

v.

JEWISH HOME FOR THE ELDERLY OF FAIRFIELD COUNTY, INC., Defendant.

No. 3:98CV00122 WWE.

United States District Court, D. Connecticut.

April 6, 1999.

Jerry Bloom, Fairfield, CT, pro se.

Hugh F. Murray, III, Murtha, Cullina, Richter & Pinney, Hartford, CT, April Lieberman, Murtha, Cullin, Richter & Pinney, New Haven, CT, for defendant.

## RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

EGINTON, Senior District Judge.

This case arises out of plaintiff's employment termination by the defendant. Specifically, plaintiff claims that the defendant discriminated against him on the basis of sex and race in violation of Title VII.

Defendant denies the allegations and moves for summary judgment. For the following reasons, defendant's motion for summary judgment will be GRANTED.

### Background

Plaintiff, Jerry Bloom, is a Caucasian male who was formerly employed as a staff nurse by the defendant, Jewish Home for the Elderly of Fairfield County, Inc. ("Jewish Home"). As a staff nurse, Mr. Bloom was responsible for administering medication and supervising nursing assistants in the provision of comprehensive care.

During his nine month employment with Jewish Home, Mr. Bloom received verbal and written warnings concerning his poor nursing judgment and abrasive interaction with other staff. Mr. Bloom's supervisors submitted numerous notes to his personnel file documenting poor performance and an inability to cooperate with co-workers. Mr. Bloom also misused and damaged three pill crushers, which he claims to have replaced.

Most significantly, Mr. Bloom made errors concerning patient treatments. Mr. Bloom received warnings for administering an extra dose of an antibiotic to a patient and for omitting a patient's treatment. At one time, Mr. Bloom was also found to have improperly accounted for Jewish Home's narcotics supply when it was his responsibility to keep track of the narcotics strong box. Mr. Bloom states that he had handed the strong box key to an unidentified nurse who needed medicine for a patient that evening.

Jewish Home provided Mr. Bloom with counseling concerning his medication errors and advised him that another error would result in his termination.

On December 17, 1996, Mr. Bloom made another error by failing to administer medication called Rimantadine to nine elderly patients. Mr. Bloom was terminated the next day.

The nurse who relieved him on the evening of December 17th, a black female, also did not administer the Rimantadine to the nine patients. She was not terminated.

Based on his termination, Mr. Bloom brought this complaint alleging discrimination based on sex or race. He admits that no one at Jewish Home ever made a comment related to his race or sex.

### Discussion

A motion for summary judgment will be granted where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." *Bryant v. Maffucci,* 923 F.2d 979, 982 (2d Cir.), *cert. denied,* 502 U.S. 849, 112 S.Ct. 152, 116 L.Ed.2d 117 (1991).

The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute. *American International Group, Inc. v. London American International Corp.,* 664 F.2d 348, 351 (2d Cir.1981). In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505,

91 L.Ed.2d 202 (1986). If a nonmoving party has failed to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof, then summary judgment is appropriate. *Celotex Corp.*, 477 U.S. at 323, 106 S.Ct. 2548. If the nonmoving party submits evidence which is "merely colorable," legally sufficient opposition to the motion for summary judgment is not met. *Anderson*, 477 U.S. at 249, 106 S.Ct. 2505.

Mr. Bloom claims disparate treatment case by Jewish Home because it did not terminate the black, female nurse who relieved him on the evening of December 17, 1996.

■■■ When a plaintiff bringing a disparate treatment case is unable to establish the employer's reasons motivating the employment decision, the court must analyze the claim according to the burden shifting process established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668(1973) and *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 252–56, 101 S.Ct. 1089, 67 L.Ed.2d 207(1981). To establish a prima facie claim, the plaintiff must demonstrate that (1) he belongs to a protected class; (2) he was performing his or her duties satisfactorily; (3) he suffered an adverse employment action; and (4) the adverse employment action occurred under circumstances giving rise to an inference of discrimination. Although the plaintiff's initial burden is not onerous, he must show that his termination was not made for legitimate reasons. *Thomas v. St. Francis Hospital and Medical Center*, 990 F.Supp. 81, 86 (D.Conn.1998).

■■ If the plaintiff establishes a prima facie case, the defendant must articulate a legitimate, non-discriminatory business reason for the alleged discriminatory action. The plaintiff must then prove by a preponderance of the evidence that the supposed legitimate reason is actually a pretext for discrimination. *St. Mary's*

*Honor Center v. Hicks*, 509 U.S. 502, 515, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993).

■■ In this instance, Mr. Bloom's termination does not give rise to an inference of discrimination. The undisputed facts establish that Mr. Bloom had serious performance problems concerning patient treatment and interaction with other staff. Mr. Bloom's termination arose out of his failure to correct his performance problems despite Jewish Home's efforts to provide him with counseling. Even taking all of the inferences of fact in his favor, the undisputed evidence establishes that Mr. Bloom was not performing his job satisfactorily.

Furthermore, Mr. Bloom has offered no evidence that the black, female nurse who was not terminated had a comparable employment history of warnings, disciplinary problems, medication errors and difficulty with staff interaction.

Therefore, Mr. Bloom has not demonstrated that the circumstances surrounding his termination give rise to an inference of discrimination. The Court will grant defendant's motion for summary judgment.

### Conclusion

For the foregoing reasons, defendant's Motion for Summary Judgment [Doc. No. # 11] is GRANTED. The Clerk is directed to close this case.

SO ORDERED.